IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. GRAY,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA; and DOES 1 through 30, inclusive,<br><br>    Defendants.<br>_____<br><br>UNITED STATES OF AMERICA,<br><br>    Counter-Claimant,<br><br>  v.<br><br>MANUEL MARTINEZ and STEVEN A. GRAY,<br><br>    Counter-Defendants<br>_____ | Case No. 11-0680 SC<br><br>ORDER DENYING MOTION FOR JOINDER OF ADDITIONAL PARTY |

## I. INTRODUCTION

Now before the Court is Plaintiff/Counter-Defendant Steven A. Gray's ("Gray") motion to compel Defendant/Counter-Claimant United States of America ("United States") to join Madeline Martinez ("Ms. Martinez") as an additional Counter-Defendant in this action. ECF No. 25 ("Mot."). The United States has filed an opposition and Gray has filed a reply. ECF No. 29 ("Opp'n"), 33 ("Reply"). Pursuant to Civil Local Rule 7-1(b), the Court finds the Motion

suitable for determination without oral argument.  For the reasons set forth below, the Court DENIES the Motion.

## II.  BACKGROUND

In April 2009, the United States assessed a trust fund penalty against Gray and Counter-Defendant Manuel Martinez ("Mr. Martinez") for unpaid federal employment taxes withheld from the employees of Ace Roofing, Inc. ("Ace").  ECF No. 1 ("Compl.") ¶¶ 9-10.  The United States seized Gray's income tax refunds for the year 2008, as well as funds from Gray's financial accounts.  Id.  Gray filed this action against the United States alleging he is not liable for the trust fund recovery penalty and, therefore, is entitled to a refund for those amounts paid toward the assessment.  Id. at 10.  The United States subsequently filed a counterclaim against Gray and Mr. Martinez to collect the unpaid balance of the trust fund recovery penalty.  ECF No. 7 ("Countercl.").  Mr. Martinez agreed to a judgment with respect to the trust fund recovery penalty against him.  ECF No. 22 ("Martinez Stip.").

Gray now seeks to join Ms. Martinez, Mr. Martinez's wife, as a party to this action.  Mot. at 1.  Gray claims that Ms. Martinez's presence is necessary because: (1) Ms. Martinez was a signatory on Ace's bank accounts; (2) Ms. Martinez consistently loaned money to Ace to pay its tax and wage obligations; and (3) Mr. Martinez transferred substantial personal and real property to Ms. Martinez to make Mr. Martinez appear insolvent and thwart collection efforts by the United States.  Id.  In short, Gray claims that he is entitled to some form of contribution from Ms. Martinez.
///

## III. LEGAL STANDARD

Compulsory joinder is governed by Federal Rule of Civil Procedure 19. Rule 19(a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Ninth Circuit has enunciated a two-pronged analysis to determine whether a non-party is necessary under Rule 19(a). Yellowstone Cnty. v. Pease, 96 F.3d 1169, 1172 (9th Cir. 1996). The non-party is deemed necessary if it meets either prong. Id. First, the court must determine whether "complete relief" is possible among those already a party to the suit. Id. Second, the court must determine whether the non-party has a legally protected interest in the suit. Id.

## IV. DISCUSSION

Gray argues that, under the first prong of the Ninth Circuit test, complete relief is impossible without the joinder of Ms. Martinez because Gray is entitled to some form of contribution from Ms. Martinez. Mot. at 7-8. Gray claims that Martinez was the

3

signatory on Ace's bank accounts, that she loaned money to Ace, and that Mr. Martinez, Gray's co-counter-claimant, transferred substantial assets to Ms. Martinez to make himself appear insolvent. Id. at 8. The United States responds that Ms. Martinez is not a necessary party since liability for the trust fund recovery penalty is joint and several. Opp'n at 2. The United States further argues that, by statute, any claim for contribution for the trust fund recovery penalty must be brought in a separate action. Id. at 3.

The Court agrees with the United States. The United States assessed the trust fund recovery penalty against Gray under 26 U.S.C. § 6672. Section 6672 imposes liability for "the total amount of the tax evaded, or not collected, or not accounted for and paid over." 26 U.S.C. § 6672(a). Persons found liable under the statute are entitled to recover from other liable persons, but "only in a proceeding which is separate from, and is not joined or consolidated with -- (1) an action for collection of such penalty brought by the United States, or (2) a proceeding in which the United States files a counterclaim or third-party complaint for the collection of such penalty." Id. § 6672(d). Thus, "liability under section 6672 is joint and several among responsible persons, and each responsible person can be held for the total amount of withholding not paid." Leiter v. United States, No. 03-2149-GTV, 2004 U.S. Dist. LEXIS 2158, at *27 (D. Kan. 2004) (internal quotations and citations omitted). The United States "is not obligated to pursue every responsible party" under 26 U.S.C. § 6672. Howard v. United States, 711 F.2d 729, 735 (5th Cir. 1983). "[T]he fact that there may be other fiscally 'responsible persons'

4

does not relieve [Gray] of his duty to pay these taxes as a 'responsible person.'" Id. Accordingly, joinder of Ms. Martinez is not necessary to accord the parties complete relief in the instant action.

Gray argues 26 U.S.C. § 6672(d) does not bar the United States from bringing a counterclaim against Ms. Martinez. Reply at 2. This is true, but beside the point. The fact that the United States has the discretion to bring a counterclaim against Ms. Martinez does not mean that joinder is compulsory. The pertinent question is whether joinder of Ms. Martinez is necessary for the Court to accord complete relief. As liability under 26 U.S.C. § 6672 is joint and several, the court can accord complete relief absent Ms. Martinez's joinder in the instant action. Further, Gray is not unfairly prejudiced by Ms. Martinez's absence since he may bring a separate contribution action against her.[1]

**V.  CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff/Counter-Defendant Stephen A. Gray's motion for joinder of Madeline Martinez.

IT IS SO ORDERED.

Dated: February 16, 2012

UNITED STATES DISTRICT JUDGE

---

[1] Gray also argues that he cannot adequately defend this action without joinder of Ms. Martinez, but offers no coherent argument as to why this is the case. Reply at 2-3.

5